# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>         v.<br><br>NORMA ALEJANDRA RODRIGUEZ-ACEDO,<br><br>                          Defendant. | Case No. 19-cr-03539-BAS<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE (ECF NO. 38)** |

Ms. Rodriguez-Acedo, a 39-year old Mexican citizen, files a Motion to Reduce her sentence under the compassionate release provisions of 18 U.S.C. §3582(c). (ECF No. 38 ("Motion")). She has served approximately 11 months of her 37 month sentence. The Government opposes. (ECF No. 43 ("Opposition").) For the reasons stated below, the Court GRANTS the Motion.

**I.    BACKGROUND**

On August 15, 2019, Ms. Rodriguez-Acedo drove to the San Ysidro Port of Entry in a car with 22.32 kilograms of methamphetamine hidden in a gas tank compartment. (PSR ¶¶ 4-5.) Ms. Rodriguez-Acedo has no prior criminal record. (PSR ¶¶ 34-40.)

Ms. Rodriguez-Acedo suffers from Type 2 diabetes, for which she takes Metformin twice a day and occasionally needs insulin.  (PSR ¶54.)  She is also obese (BMI 42) and has issues with high blood pressure.  (PSR ¶¶ 54-57; ECF No. 38, at 8.)

Ms. Rodriguez-Acedo submitted a compassionate release request to the Warden at FCI Dublin, where she is being housed, on May 8, 2020.  It is not entirely clear whether she has received a response to this request. (Motion, Exhibit B.)

## II. ANALYSIS
### A. Exhaustion of Administrative Remedies

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 825-26 (2010).  A narrow exception, compassionate release, allows a court to reduce a sentence for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).

However, a court may only consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*  In other words, Ms. Rodriguez-Acedo must fully exhaust her administrative remedies from the warden of the facility where she is being housed before she turns to the court for relief.

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes.  First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes,'" *United States v. Ng Lap Seng*, __ F. Supp. 3d __, 2020 WL 2301202, at *6 (S.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)).  "Second, it promotes efficiency since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.*  This Court agrees with the vast majority of courts in this circuit that have found such an exhaustion to be mandatory.  See, e.g., *United States v. Stanard*, No. CR 16-320-RSM, 2020 WL 1987072, at *4 (W.D. Wash.

Apr. 27, 2020); *United States v. Otero*, No. 17-cr-879-JAH, 2020 WL 1912216, at *3 (S.D. Cal. Apr. 20, 2020); *United States v. Allison*, No. CR 16-5207-RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020); *United States v. Fuller*, No. CR 17-0324 JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); *United States .v Aguila*, No. w:16-0046-TLM, 2020 WL 1812159, at *1 (E.D. Cal. Apr. 9, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020).

Ms. Rodriguez-Acedo maintains that she has exhausted her administrative remedies because she filed a request with the Warden on May 8, 2020. (Motion, Exhibit B.) However, Ms. Rodriguez-Acedo presents no evidence as to whether or not the Warden has taken action on this request. Mr. Rodriguez-Acedo argues that, because 30 days have expired since she initially filed her request, she has exhausted her administrative remedies, regardless of the response from the Warden.

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition, which is acted on by the Warden and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapses and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting his or her administrative remedies. In the interpretation urged by the Ms. Rodriguez-Acedo, all a petitioner has to do is file a request with the Warden and wait 30 days. The subsequent action or inaction of the Warden is irrelevant.

In *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2020 WL 6050264 (D. Ariz. Nov. 8, 2019), the District Court in Arizona analyzed the two interpretations of "the lapse of 30 days" language in section 3582. In the first interpretation, urged by the Petition in this case, the simple passage of 30 days after making the request to the Warden, is sufficient to constitute exhaustion of administrative remedies. Indeed, Congress might have decided against requiring every defendant to pursue a potentially lengthy administrative appeal process when talking about the possibility of imminent death.

However, this interpretation would make the first requirement, that a Petitioner "fully exhaust[] all administrative remedies" largely surplusage. The full exhaustion is unlikely to occur in just 30 days. Therefore, all that is practically required under the first interpretation is that a petitioner file a request with the warden and wait 30 days. No further exhaustion of administrative remedies would be necessary. Furthermore, the word "lapse," as noted by the Arizona district court, "often carries with it a connotation of a failure to act." *Id*. at *3. Thus, under this second interpretation, a defendant could "go directly to the district court if a warden is not responsive to a request but, if a warden does act within 30 days, the defendant would be required to pursue an administrative appeal." *Id*. This Court agrees with *Weidenhamer* that the second interpretation makes the most sense. The purpose of the "lapse of 30 days" language is to give a defendant an alternative if attempts to exhaust administrative remedies appear futile.

Therefore, the Defendant in this case has failed to demonstrate that she has fully exhausted her administrative remedies as required under section 3582. She fails to indicate whether the Warden has or has not taken any action on her May 8th request. Although this Court finds that such exhaustion is mandatory, the Government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion. *Ng Lap Seng*, at *7. In this case, because the Government does not address the failure to exhaust administrative remedies in its Opposition, and instead goes directly to the substantive issues, the Court finds the Government has waived the issue.

### B. Extraordinary and Compelling Reasons

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. §3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden,* no. 3:13-cr-444-BR, 2020 WL 1673440, at *3 (D. Or. 2020).

Although Ms. Rodriguez-Acedo is only 39 years old, her diabetes and obesity put her at high risk if she was to contract the COVID-19 virus. *See cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with medical conditions.html* (July 21, 2020) (noting that a BMI over 30 and/or Type 2 diabetes increases the risk of severe illness from COVID-19*.)* FCI Dublin is currently reporting only one case among inmates and two among staff. *www.bop.gov/coronavirus/index.jsp*. Nonetheless, and despite the precautions detailed in the Government's Opposition, there is no question that the risk of contracting the virus while in custody is high. Additionally, if Ms. Rodriguez-Acedo was to contract the virus, she would be at risk of serious illness or even death from the disease. Therefore, the Court finds Ms. Rodriguez-Acedo has shown extraordinary and compelling reasons for her request for a sentence reduction.

The Court then turns to the relevant factors under 18 U.S.C. 3553(a). Although the offense Ms. Rodriguez-Acedo committed is serious and had the potential to do great harm in the United States, she has otherwise led a blameless life. She has a Bachelor's Degree in accounting, has been employed and owns her own home in Tijuana. (PSR ¶¶ 63, 67-72, 74.) If her sentence is reduced, because she only had a Border Crossing Card at the time of her arrest which has now been revoked, she will be turned over to immigration authorities for deportation. She has close family members who pledge to support her in Mexico and help her get back on her feet. (ECF No. 34, Exh B.) The Court, therefore, finds that her chances of recidivism and the chance that she will pose any danger to the community in the future is low. Furthermore, she has already served approximately 11 months in custody. Combined with the collateral consequence of deportation and the fact that she will be banned from returning to the United States, the Court finds the sentence she has served is adequate to deter her and others from similar conduct.

///

///

///

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Ms. Rodriguez-Acedo's Motion to Reduce her Sentence from 37-months to a time served sentence. (ECF No. 38.) Ms. Rodriguez-Acedo is ordered to be released to Immigration authorities for deportation to Mexico.

**IT IS SO ORDERED.**

**DATED: July 21, 2020**

Hon. Cynthia Bashant
United States District Judge